Patrice L. Bishop (182256)
service@ssbla.com
STULL, STULL & BRODY
10940 Wilshire Boulevard
Suite 2300
Los Angeles, CA 90024
Tel: (310) 209-2468
Fax: (310) 209-2087

Mark Levine
mlevine@ssbny.com
STULL, STULL & BRODY
6 East 45th Street
New York, NY 10017
Tel: (212) 687-7230
Fax: (212) 490-2022

**Counsel for Movants and [Proposed] Lead Counsel for the Class**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

WILLIAM JURKOWITZ, Individually and on Behalf of all Others Similarly Situated,

Plaintiff,

v.

PACIFIC CAPITAL BANCORP, GEORGE LEIS, DAVID PORTER, SANDLER O'NEILL & PARTNERS L.P., and SANDLER O'NEILL ASSET MANAGEMENT LLC,

Defendants.

CASE NO. CV09-06501 RGK (PLAx)

**CLASS ACTION**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PAGANO FAMILY'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFFS, FOR APPROVAL OF THEIR CHOICE OF LEAD COUNSEL PURSUANT TO SECTION 21D OF THE SECURITIES EXCHANGE ACT OF 1934, AND FOR CONSOLIDATION OF RELATED ACTIONS**

DATE: December 7, 2009
TIME: 9:00 a.m.
JUDGE: Hon. R. Gary Klausner
CTRM: 850, Roybal

# TABLE OF CONTENTS

**PAGE NO.**

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. MOVANTS ARE THE MOST ADEQUATE PLAINTIFFS UNDER THE PSLRA AND SHOULD BE APPOINTED LEAD PLAINTIFFS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

A. Movants Make this Motion Within 60 Days of Publication of Notice . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

B. Movants Have the Largest Financial Interest in the Relief Sought . . . . 5

C. Movants Are Qualified under Rule 23 . . . . . . . . . . . . . . . . . . . . . . . . . 6

1. The Claims of Movants Are Typical of the Claims of the Class . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

2. Movants Will Fairly and Adequately Represent the Interests of the Class . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

III. THIS COURT SHOULD APPROVE MOVANTS' CHOICE OF LEAD COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

IV. THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS FOR THE PURPOSES OF EFFICIENCY AND JUDICIAL ECONOMY . . . 8

V. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

# TABLE OF AUTHORITIES

**PAGE NO.**

## FEDERAL CASES

*Blackie v. Barrack*, 524 F.2d 891 (9th Cir. 1975) . . . . . . . . . . 7

*In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002) . . . . . . . . . . 2

*In re Cendant Corp. Litig.*, 264 F.3d 201 (3d Cir. 2001) . . . . . . . . . . 3

*Cohen v. U.S. Dist. Ct. for the N. D. Cal.*, 2009 U.S. App. LEXIS 24330 (N.D. Cal. Nov. 5, 2009) . . . . . . . . . . 8

*De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225 (7th Cir. 1983) . . . . . . . . . . 6

*Epstein v. MCA, Inc.*, 50 F.3d 644 (9th Cir. 1995) . . . . . . . . . . 6

*In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161 (C.D. Cal. 1976) . . . . . . . . . . 9

*Freedman v. Louisiana-Pacific Corp.*, 922 F. Supp. 327 (D. Or. 1996) . . . . . . . . . . 7

*Guenther v. Pacific Telecom, Inc.*, 123 F.R.D. 333 (D. Or. 1988) . . . . . . . . . . 7

*Hanon v. Dataproducts Corp.*, 976 F.2d 497 (9th Cir. 1992) . . . . . . . . . . 7

## FEDERAL STATUTES

15 U.S.C. § 78u-4 . . . . . . . . . . *in passim*

Peter Pagano & Marjorie Pagano Revocable Trust and Peter Alex Pagano (collectively, "Movants" and/or the "Pagano Family")[1] respectfully submit their motion for Appointment as Lead Plaintiffs, for Approval of Their Choice of Lead Counsel Pursuant to Section 21D of the Securities Exchange Act of 1934, and for Consolidation of Related Actions (the "Motion").

## I. INTRODUCTION

Presently pending in this District are two related class actions filed against Pacific Capital Bancorp ("PCBC" or the "Company"), certain of its officers and directors, and Sandler O'Neill and Partners L.P. ("Sandler O'Neill), which provided analyst coverage and issued analyst reports and ratings relating to PCBC (collectively, the "Defendants"). Both related actions allege a common scheme and course of conduct by Defendants to defraud investors in violation of § 10(b) and Rule 10b-5 promulgated thereunder, and § 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") (codified at 15 U.S.C. § 78u-4), the Movants respectfully submit this memorandum in support of their Motion for appointment as Lead Plaintiffs, approval of their choice of Stull, Stull & Brody as Lead Counsel, and consolidation of the related actions.

Each of the Movants acquired PCBC securities between April 30, 2009 and July 30, 2009, inclusive, (the "Class Period") and suffered damages as a result of Defendants' violations of the federal securities laws.[2] As is more fully alleged

---

[1] Peter Pagano and Marjorie Pagano are husband and wife, and Peter Alex Pagano is their son.

[2] The PSLRA specifically authorizes class members, regardless of whether they have filed a complaint, to move for appointment of Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B). Movants have completed sworn certifications listing their purchases of PCBC stock and requesting that they be appointed Lead Plaintiffs. *See* Exhibit B to the Declaration of Patrice L. Bishop in Support of Pagano Family's Motion for Appointment as Lead Plaintiffs, Approval of Their Choice of Lead

throughout the complaint, this action arises from damages incurred by the Class as a result of a scheme and common course of conduct by defendants which operated as a fraud and deceit on the Class during the Class Period. Defendants' scheme included rendering false and misleading statements and/or omissions concerning the Company's financial performance, business condition and operations.

Movants believe they have the largest financial interest in the relief sought by the Class. Movants suffered damages of over $75,000 and therefore under the mandates of the PSLRA are presumed to be the "most adequate plaintiff." *See* Bishop Decl. Ex. C.

Section 21D of the Exchange Act, as amended by the PSLRA, sets forth the procedure for the selection of Lead Plaintiff to oversee class actions brought under the federal securities laws. In *In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002), the Ninth Circuit outlined the procedures district courts are to follow when deciding who will be appointed Lead Plaintiff. As the Ninth Circuit noted, the PSLRA instructs district courts to select as Lead Plaintiff the plaintiff "most capable of adequately representing the interests of class members." *Id* at 729, *citing* 15 U.S.C. § 78u-4(a)(3)(B)(i). The "most capable" plaintiff - and hence the Lead Plaintiff - is the one who has the greatest financial stake in the outcome of the case, so long as he or she meets the requirements of Rule 23. *Id*.

The PSLRA provides a simple three-step process for identifying the lead plaintiff. *Id*. The first step consists of publicizing the pendency of the action, the claims made and the purported class period. 15 U.S.C. § 78u-4(a)(3)(A). *Id*. The first plaintiff to file an action covered by the Reform Act must post this notice "in a widely circulated national business-oriented publication or wire service." 15 U.S.C. § 78u-4(a)(3)(A)(i). The notice must also state that "any member of the purported

---

Counsel Pursuant to Section 21D of The Securities Exchange Act of 1934, and for Consolidation of Related Actions (hereinafter "Bishop Decl.").

class may move the court to serve as lead plaintiff." 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).

In step two, the district court must consider the losses allegedly suffered by the various plaintiffs before selecting as the presumptively most adequate plaintiff - and hence the presumptive lead plaintiff - the one who has the largest financial interest in the relief sought by the class and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. *Id*., *citing* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). To make this comparison, the district court must calculate each potential lead plaintiff's financial interest in the litigation. *Id* at 730, n.4. In other words, the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit. *Id*. at 729-730.

The district court must then focus their attention on that plaintiff and determine, based on the information he has provided in their pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of *typicality* and *adequacy*. *Id*. at 730 (emphasis added). If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff. *Id*.

The third step of the process is to give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that he satisfies the typicality and adequacy requirements of Rule 23. *Id.*, *citing* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). At the third stage, the process turns adversarial and other plaintiffs may present evidence that disputes the Lead Plaintiff's prima facie showing of typicality and adequacy. *Id.* The district court may need to hold an evidentiary hearing, and make a renewed determination of typicality and adequacy. *Id*., *citing In re Cendant Corp. Litig.*, 264 F.3d 201, 268. n.6 (3d Cir. 2001), *cert. denied*, 152 L. Ed. 2d 212, 122 S. Ct. 1300 (2002).

If the plaintiff with the greatest financial stake does not satisfy the Rule 23(a) criteria, the court must repeat the inquiry, this time considering the plaintiff with the

next-largest financial stake, until it finds a plaintiff who is willing to serve and satisfies the requirements of Rule 23. *Id*.

The first complaint filed against defendants was the *Jurkowitz v. Pacific Capital Bancorp, et al* action, CV09-06501 RGK (PLAx), which commenced on September 8, 2009. On the same, counsel in that action caused notice to be published on *Business Wire* which informed potential class members of the pendency of the action and their right to move to be appointed Lead Plaintiff and to designate their choice of Lead Counsel within 60 days. *See* Bishop Decl. Ex. A.

## II. MOVANTS ARE THE MOST ADEQUATE PLAINTIFFS UNDER THE PSLRA AND SHOULD BE APPOINTED LEAD PLAINTIFFS

The PSLRA provides that within 60 days after the publication of the notice, any person or group of persons who are members of the proposed class may apply to the court to be appointed Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Section 21D(a)(3)(B) of the Exchange Act directs the Court to consider any motions by plaintiffs or purported class members to serve as Lead Plaintiff in response to any such notice by not later than 60 days after the date of publication pursuant to § 21D, or as soon as practicable after the Court decides any pending motion to consolidate any actions asserting substantially the same claim or claims. Under this section of the Exchange Act, the court "shall" appoint the "most adequate plaintiff," and is to presume that plaintiff is the person, or group of persons, which:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

§ 21D(a)(3)(B)(iii)(I); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Movants acquired 29,275 shares of PCBC stock during the Class Period and incurred losses of more than $75,000. *See* Bishop Decl. Exs. B and C. Movants therefore believe they have the largest financial interest in the relief sought by the Class and is thus presumptively entitled to appointment as Lead Plaintiffs.

Movants also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure because their claims are typical of the claims of the Class, and they will fairly and adequately represent the interests of the Class since their interests are clearly aligned with the members of the Class. Movants have also retained experienced class counsel to represent the Class. Accordingly, Movants hereby seek approval for their appointment as Lead Plaintiffs and for approval of their counsel as Lead Counsel.

**A. Movants Make this Motion Within 60 Days of Publication of Notice**

As set forth in their certifications, Movants have reviewed a complaint filed against Defendants, adopted its allegations and expressed their willingness to serve as representative of the class. Bishop Decl. Ex. B. Movants timely bring this motion within 60 days of publication of the required notice. *See* Bishop Decl. Ex. A.

**B. Movants Have the Largest Financial Interest in the Relief Sought**

During the Class Period, Movants acquired 29,375 shares of PCBC stock at prices artificially inflated by Defendants' false and misleading statements and suffered losses of over $75,000.[3] *See* Bishop Decl. Exs. B and C. To the best of their knowledge, Movants have the largest financial interest in the relief sought by the Class. Movants, therefore, are presumptively the most adequate Plaintiffs pursuant to the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

---

[3] Pursuant to Section 21D(e)(1) of the 1934 Act, the calculated damages for Plaintiffs holding their shares through the end of the class period is "the difference between the purchase or sale price paid or received . . . and the mean trading price of that security during the 90 day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." 15 U.S.C. § 78u-4(e)(1).

**C. Movants Are Qualified under Rule 23**

In addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). With respect to the qualifications of the class representative, Rule 23(a) requires that the class representative's claims be typical of the claims of the class and that the representative will fairly and adequately protect the interests of the class. As detailed below, Movants satisfy the typicality and adequacy requirements of Rule 23(a).

**1. The Claims of Movants Are Typical of the Claims of the Class**

The typicality requirement of Rule 23(a)(3) is satisfied when a named plaintiff has: (a) suffered the same or similar injuries as the absent class members; (b) as a result of the same course of conduct by defendants; and (c) the claims are based on the same legal issues. *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225 (7th Cir. 1983). *See also, Epstein v. MCA, Inc.*, 50 F.3d 644, 668 (9th Cir. 1995), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367 (1996). The questions of law and fact common to the class members here which predominate over questions that may affect individual claims include:

(a) whether the federal securities laws were violated by Defendants' acts;

(b) whether Defendants' statements during the Class Period omitted and/or misrepresented material facts;

(c) whether Defendants pursued the fraudulent scheme and course of conduct complained of;

(d) whether the defendants acted intentionally or recklessly;

(e) whether the market price of PCBC's stock was artificially inflated due to the activities complained of; and

(f) the extent of damages class members sustained and the appropriate measure of those damages.

Movants' claims are typical of the claims of the members of the proposed class. Movants, as do all members of the proposed Class, allege that PCBC and certain of its directors and high ranking officers violated the Exchange Act by publicly disseminating false and misleading statements, and by failing to disclose material adverse facts about PCBC during the Class Period. Further, Movants, as did all of the members of the proposed Class, acquired PCBC stock at prices inflated by Defendants' misrepresentations and omissions and was damaged thereby. The typicality requirement is satisfied here because the claims asserted by Movants are based on the same legal theory and arise "from the same event or course of conduct giving rise to the claims of other class members." *See Guenther v. Pacific Telecom, Inc.*, 123 F.R.D. 333 (D. Or. 1988). *Accord, Blackie v. Barrack,* 524 F.2d 891, 902-03 and n.19 (9th Cir. 1975), *cert. denied,* 429 U.S. 816 (1976); *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992); *Freedman v. Louisiana-Pacific Corp.*, 922 F. Supp. 327, 398-99 (D. Or. 1996).

**2. Movants Will Fairly and Adequately Represent the Interests of the Class**

Movants' interests are clearly aligned with the members of the proposed Class. There is no evidence of any antagonism between the interests of these individuals and the proposed Class members. As detailed above, Movants share substantially similar questions of law and fact with the members of the proposed Class, their claims are typical of the members of the Class, and they have taken significant steps to advance this litigation. In addition, Movants have amply demonstrated their adequacy to serve as class representatives by signing certifications affirming their willingness to serve as, and assume the responsibilities of, class representatives. Finally, Movants have selected and retained counsel highly experienced in prosecuting securities class actions such as this to represent them. For these reasons, Movants should be appointed Lead Plaintiffs in this action.

## III. THIS COURT SHOULD APPROVE MOVANTS' CHOICE OF LEAD COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *see also Cohen v. U.S. Dist. Ct. for the N. D. Cal.*, 2009 U.S. App. LEXIS 24330, at *15-19 (N.D. Cal. Nov. 5, 2009). Movants have selected the law firm of Stull, Stull & Brody to serve as Lead Counsel for the class. This firm possesses extensive experience in the area of securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. *See* Bishop Decl. Ex. D.

## IV. THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS FOR THE PURPOSES OF EFFICIENCY AND JUDICIAL ECONOMY

Rule 42(a) of the Federal Rules of Civil Procedure provides that:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Currently pending in this District are two related class action lawsuits which have been filed against substantially the same defendants.[4] Movants believe consolidation of both actions is appropriate since both actions involve common questions of law and fact and allege the same or similar claims under the federal securities laws on behalf of the same or similar plaintiff class. In addition, both actions will involve similar issues regarding class certification, and will undoubtedly involve identical discovery. There is also no reason to believe that defendants would

---

[4] *Jurkowitz v. Pacific Capital Bancorp, et al.*, CV09-06501 RGK (PLAx) (C.D. Cal. Sept. 8, 2009) and *Shotke v. Pacific Capital Bancorp, et al.*, CV09-7400 RGK (PLAx) (C.D. Cal. Oct. 13, 2009.

not support consolidation of actions, as well as any subsequently filed related actions. Accordingly, these actions should be consolidated in the interests of judicial economy and overall efficiency. Therefore, Movants respectfully request all related cases be consolidated for all purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. *See also In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 176 (C.D. Cal. 1976) (noting that class action suits are ideally suited to consolidation since their unification expedites pretrial proceedings, reduces case duplication, avoids the contacting of parties and witnesses for inquiries in multiple proceedings, and minimizes the expenditure of time and money by all persons concerned).[5]

//

//

//

---

[5] Section 21D(a)(3)(B)(ii) of the Exchange Act also mandates consolidation in similar instances. "If more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination [of appointment of lead plaintiff under § 21D(a)(3)(B)(i)] until after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii).

## V. CONCLUSION

For all the foregoing reasons, Movants respectfully request that this Court appoint them as Lead Plaintiffs pursuant to Section 21D(a)(3)(B) of the 1934 Act, approve their choice of Stull, Stull & Brody as Lead Counsel for the Class pursuant to Section 21D(a)(3)(B)(v) of the 1934 Act, and Consolidate the related actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.

Dated: November 9, 2009

STULL, STULL & BRODY

By: s/Patrice L. Bishop

Patrice L. Bishop
10940 Wilshire Boulevard
Suite 2300
Los Angeles, CA 90024
Tel: (310) 209-2468
Fax: (310) 209-2087

Mark Levine
STULL, STULL & BRODY
6 East 45th Street
New York, NY 10017
Tel: (212) 687-7230
Fax: (212) 490-2022

**Counsel for Movants and [Proposed] Lead Counsel for the Class**