LIONEL Z. GLANCY (#134180)
MICHAEL GOLDBERG (#188669)
GLANCY BINKOW & GOLDBERG LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone:  (310) 201-9150
Facsimile:  (310) 201-9160
E-mail:  info@glancylaw.com
*Attorneys for Plaintiff, and
Proposed Lead Counsel*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM JURKOWITZ, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC CAPITAL BANCORP, GEORGE LEIS, DAVID PORTER, SANDLER O'NEILL & PARTNERS L.P. and SANDLER O'NEILL ASSET MANAGEMENT LLC,<br><br>Defendants. | No. 09-cv-06501-RGK-PLA<br><br>CLASS ACTION<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JOHNNY RIOS FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**<br><br>Date: December 21, 2009<br>Time: 9:00 a.m.<br>Courtroom: 850<br>Honorable R. Gary Klausner |
| THOMAS SHOTKE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC CAPITAL BANCORP, GEORGE LEIS, DAVID PORTER and SANDLER O'NEILL & PARTNERS L.P.,<br><br>Defendants. | No. 09-cv-07400-RGK-PLA |

# MEMORANDUM OF POINTS AND AUTHORITIES

Proposed lead plaintiff Johnny Rios (hereinafter, "Movant") respectfully submits this memorandum of points and authorities in support of his motion for consolidation of related actions, appointment as lead plaintiff and approval of his selection of lead counsel.

## I.   FACTUAL BACKGROUND

This is a securities class action on behalf of purchasers of the common stock of Pacific Capital Bancorp ("Pacific Capital" or the "Company") between April 30, 2009 and July 30, 2009, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

Pacific Capital is a bank holding company organized and the parent company of Pacific Capital Bank, N.A., a nationally chartered bank that operates 46 branches under the local brand names of Santa Barbara Bank & Trust, First National Bank of Central California, South Valley National Bank, San Benito Bank and First Bank of San Luis Obispo.

Throughout the Class Period, defendants represented that the Company's loan loss provision was being maintained at a very high level, sufficient to absorb future loan losses. Defendants, however, knew or recklessly disregarded and failed to disclose to investors that the Company failed to adopt a conservative reserve methodology to absorb future loan losses, and that the Company's loan loss provision taken in first quarter 2009 was inadequate to meet the Company's exposure to asset deterioration losses.

As the truth about the Company's failure to maintain adequate provisions for loan losses became known to the market, the price of the Company's common stock declined from $6.94 per share – the closing price at the start of the Class Period on April 30, 2009 – to $2.12 per share on July 31, 2009, one day after disclosure of the Company's inadequate loan loss provisions.

09-cv-06501-RGK-PLA
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JOHNNY RIOS FOR
CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

1

## II. PROCEDURAL HISTORY

Plaintiff William Jurkowitz commenced the instant action on September 8, 2009, and on that day counsel for plaintiff published a notice of the pendency of plaintiff's case on *Business Wire,* a widely circulated national business-oriented wire service. *See* Declaration of Michael Goldberg In Support of Motion of Johnny Rios For Consolidation of Related Actions, Appointment As Lead Plaintiff and Approval of Lead Counsel (the "Goldberg Declaration") at Exhibit A.

In addition to the *Jurkowitz* action, a related action subsequently was filed in this District (collectively, the "Related Actions"), and each of the Related Actions is reflected above in the caption of this document.

Movant brings the instant motion pursuant to plaintiff William Jurkowitz's complaint and notice of pendency, and files this motion prior to expiration of the 60-day period from publication of the September 8, 2009, notice.

## III. ARGUMENT

### A. The Related Actions Should Be Consolidated

Consolidation pursuant to Federal Rule of Civil Procedure Rule 42(a) is proper when actions involve common questions of law and fact. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2nd Cir. 1990). The Court has broad discretion under this Rule to consolidate cases pending within its District. *Id.*

The actions pending before this Court present similar factual and legal issues, as they all involve the same subject matter, and present the same legal issues. Each alleges the same violations of federal securities laws, and is based on the same wrongful course of conduct. Each names the Company and certain of its officers and/or directors as defendants. Because the actions arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all Related Actions.

Accordingly, consolidation under Rule 42(a) is appropriate.

### B. Movant Should Be Appointed Lead Plaintiff

Section 21D(a)(3)(B) of the PSLRA provides the procedure for selecting lead plaintiff in class actions brought under the Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication of the notice, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. §78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice. . . ;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002)

As set forth herein, Johnny Rios satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate lead plaintiff for the Class.

### 1. Movant Is Making A Motion In Response To A Notice

On September 8, 2009, pursuant to §21D(a)(3)(A)(I) of the PSLRA, counsel for plaintiff William Jurkowitz published a notice of pendency of plaintiff's case on *Business Wire* – a widely circulated national business-oriented wire service – announcing that a securities class action had been filed against defendants herein, and advising purchasers of Pacific Capital securities that they had until November

9, 2009, to file a motion to be appointed as lead plaintiff.

Movant files the instant motion pursuant to plaintiff William Jurkowitz's published notice, and submits herewith Movant's sworn certification attesting that Johnny Rios is willing to serve as representative of the Class and willing to provide testimony at deposition and trial, if necessary. *See* Goldberg Declaration, Exhibit B. Movant therefore satisfies the requirement of either filing a complaint or making a motion in response to a published notice.

### 2.   **Movant Has The Largest Financial Interest In This Action**

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii). *In re Cavanaugh*, 306 F.3d at 730.

Here, Movant purchased 149,784 shares of Pacific Capital during the Class Period, and as a result has suffered losses of $179,266.64. *See* Goldberg Declaration, Exhibit C. To the best of his knowledge, Movant believes he has the largest known financial interest in this case among Class members who filed timely applications for appointment as lead plaintiff, and accordingly is presumed to be the "most adequate plaintiff." *See In re Cavanaugh*, 306 F.3d at 730.

### 3.   **Movant Satisfies The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the

>class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. A *prima facie* showing that a PSLRA movant satisfies the requirements of Rule 23 is sufficient. *In re Cavanaugh*, 306 F.3d at 731. Courts thus limit their inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until class certification. *See Gluck v. CellStar Corp.*, 976 F.Supp. 542, 546 (N.D.Tex.,1997).

### a.   **Movant's Claims Are Typical**

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d. 1129, 1137 (C.D. Cal. 1999). Here, Movant's claims are typical of the claims asserted by Class. Movant, like all members of the Class, alleges that defendants violated federal securities laws by publicly disseminating false and misleading statements concerning Pacific Capital's financial performance and prospects. Movant, like all members of the Class, purchased Pacific Capital securities at prices artificially inflated by defendants' misrepresentations and omissions, and was damaged thereby. Thus, the interests of Movant are closely aligned with other Class members', and they are, therefore, typical of the other members of the Class. *Id.*

### b.   **Movant Is An Adequate Representative**

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party "will fairly and adequately protect the interest of the class." Accordingly:

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda,* 67 F. Supp. 2d at 1137 (citation omitted). The class representative must also have "a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Id*.

Movant has demonstrated his adequacy as lead plaintiff by evincing a strong desire to prosecute this action on behalf of the Class. Movant has communicated with competent, experienced counsel concerning this case, and has made this motion to be appointed lead plaintiff. Movant also sustained significant losses from his investments in Pacific Capital securities and is, therefore, extremely motivated to pursue the claims in this action. *See* Goldberg Declaration, Exhibit C. Moreover, *"*no evidence exists to suggest that [movant is] antagonistic to other members of the class or [its] attorneys*."* *Yousefi v. Lockheed Martin Corp.*, 70 F.Supp.2d 1061, 1071 (C.D.Cal. 1999).

### 4. Movant Is Presumptively The Most Adequate Plaintiff

The presumption in favor of appointing Movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

09-cv-06501-RGK-PLA
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JOHNNY RIOS FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

6

15 U.S.C. § 78 u-4(a)(3)(b)(iii)(I).

The presumption that Johnny Rios is the most adequate plaintiff is not, therefore, subject to rebuttal. Movant has suffered substantial losses – in excess of $179,000 – and believes he has the largest known financial interest in this case of any timely lead plaintiff movant. The ability of Movant to fairly and adequately represent the Class is discussed above. Movant is not aware of any unique defenses defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Johnny Rios is presumptively the "most adequate plaintiff" and should be appointed lead plaintiff for the Class. *In re Cavanaugh* 306 F.3d at 730 ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff.").

### C. The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* §21D(a)(3)(B)(v) of the Exchange Act. Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to protect the interest of the plaintiff class. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Cavanaugh,* 306 F.3d at 733. In the present case, Movant has retained Glancy Binkow & Goldberg LLP to pursue this litigation on his behalf, and will retain this firm as plaintiff's lead counsel, in the event Movant is appointed lead plaintiff. Glancy Binkow & Goldberg LLP possesses extensive experience in the area of securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé attached to the Goldberg

09-cv-06501-RGK-PLA
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JOHNNY RIOS FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

7

Declaration as Exhibit D.  Thus, the Court may be assured that, by granting Movant's motion, the Class will receive the highest caliber of legal representation.

## IV.   CONCLUSION

For the foregoing reasons, Movant respectfully asks the Court to grant his motion and enter an Order (a) consolidating related actions (b) appointing Johnny Rios as lead plaintiff, and (c) approving his choice of Glancy Binkow & Goldberg LLP as lead counsel for the Class, and granting such other relief as the Court may deem just and proper.

Dated: November 9, 2009  GLANCY BINKOW & GOLDBERG LLP

  */s/ Michael Goldberg*
  Michael Goldberg
  Lionel Z. Glancy
  1801 Avenue of the Stars, Suite 311
  Los Angeles, California 90067
  Telephone: (310) 201-9150
  Facsimile: (310) 201-9160
  info@glancylaw.com

  *Attorneys for Movant and Proposed Lead Counsel*

09-cv-06501-RGK-PLA
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JOHNNY RIOS FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

8

**PROOF OF SERVICE VIA ELECTRONIC POSTING PURSUANT TO CENTRAL DISTRICT OF CALIFORNIA LOCAL RULES AND ECF GENERAL ORDER NO. 45**

I, the undersigned, say:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court. I am over the age of 18 and not a party to the within action. My business address is 1801 Avenue of the Stars, Suite 311, Los Angeles, California 90067.

On November 9, 2009, I caused to be served the following document:

1. **NOTICE OF MOTION AND MOTION OF JOHNNY RIOS FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

2. **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JOHNNY RIOS FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

3. **DECLARATION OF MICHAEL GOLDBERG IN SUPPORT OF MOTION OF JOHNNY RIOS FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

4. **[PROPOSED] ORDER GRANTING MOTION OF JOHNNY RIOS FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

By posting this document to the ECF Website of the United States District Court for the Central District of California, for receipt electronically by the following parties:

**SEE ATTACHED SERVICE LIST**

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 9, 2009, at Los Angeles, California.

*/s/Michael Goldberg*
Michael Goldberg

*Jurkowitz v. Pacific Capital Bancorp., et al.*, No. 09-cv-06501-RGK-PLA

# SERVICE LIST

### Electronically To All ECF-Registered Entities

Mark Levine
Jason D'Agnenica
Jules Brody
Stull Stull & Brody
6 East 45th Street, 4th Floor
New York , NY 10017
Tel: 212-687-7230

Patrice L. Bishop
Timothy J. Burke
Stull Stull and Brody
10940 Wilshire Boulevard, Suite 2300
Los Angeles , CA 90024
Tel: 310-209-2468

Daniel J. Tyukody, Jr.
Michael C. Tu
Orrick Herrington and Sutcliffe
777 South Figueroa Street, Suite 3200
Los Angeles , CA 90017
Tel: 213-629-2020

Karl D. Belgum
Stephanie Karnavas
Nixon Peabody LLP
1 Embarcadero Center, 18th Floor
San Francisco, CA 94111
Tel: 415-371-1200

### By US Mail To All Known Non-ECF-Registered Entities

Law Offices of Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem, PA 19020
Tel: 215-638-4847
Fax: 215-638-4867