1  DANIEL J. TYUKODY (SBN 123323)
   dtyukody@orrick.com
2  MICHAEL C. TU (SBN 186793)
   mtu@orrick.com
3  TEODORA E. MANOLOVA (SBN 233333)
   tmanolova@orrick.com
4  JASON L. KRAJCER (SBN 234235)
   jkrajcer@orrick.com
5  ORRICK, HERRINGTON & SUTCLIFFE LLP
   777 S. Figueroa Street, Suite 3200
6  Los Angeles, California 90017
   Telephone:  213-629-2020
7  Facsimile:   213-612-2499

8  Attorneys for Defendants
   Pacific Capital Bancorp,
9  George Leis and David Porter

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| In re PACIFIC CAPITAL BANCORP SECURITIES LITIGATION | Case No. CV 09-6501 RGK (PLAx) |
|---|---|
| This Document Relates To: | **CLASS ACTION** |
| ALL ACTIONS | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS *SHOTKE* COMPLAINT** |
| | Date:   February 1, 2010 |
| | Time:   9:00 a.m. |
| | Ctrm.:  Hon. R. Gary Klausner |
| |         Courtroom 850 |
| |         Roybal Federal Courthouse |

OHS West:260795802.1

REQUEST FOR JUDICIAL NOTICE ISO DEFENDANTS'
MOTION TO DISMISS COMPLAINT
CASE NO. CV 09-6501 RGK (PLAx)

Defendants Pacific Capital Bancorp ("PCB" or the "Company"), George Leis and David Porter respectfully request that the Court take judicial notice, pursuant to Federal Rule of Evidence 201, of the facts and documents referenced below in connection with defendants' motion to dismiss plaintiffs' Complaint for Violation of Federal Securities Laws (the "Complaint").

I. **THE SEVERITY OF THE FINANCIAL CRISIS IN THE CALIFORNIA AND NATIONWIDE ECONOMIES BETWEEN APRIL 2009 AND AUGUST 2009 IS PROPERLY SUBJECT TO JUDICIAL NOTICE**

Judicial notice of a fact is proper where the fact is not subject to reasonable dispute because it is "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Courts are required to take judicial notice of facts if requested by a party and supplied with the necessary information. Fed. R. Evid. 201(b) & (d).

The Court should take judicial notice of the severity of the financial crisis in the U.S. and California economies between April 2009 and August 2009 pursuant to Fed. R. Evid. 201, as facts "generally known within the territorial jurisdiction of the trial court." *See, e.g., In re Imperial Credit Indus., Sec. Litig.*, 252 F. Supp. 2d 1005, 1015-16 (C.D. Cal. 2003) (taking judicial notice of "dramatic changes . . . affecting participants in the credit industry," including the "Asian crisis" and "Long Term Capital [Management] default"); *Virtual Countries, Inc. v. Republic of South Africa*, 148 F. Supp. 2d 256, 267 n.12 (S.D.N.Y. 2001) ("The Court takes judicial notice of the financial hardship experienced by Internet-based businesses . . . in mid-2000.").

The severity of the current economic crisis has already been observed by a number of courts, scholarly journals and local and national news publications. *See*, *e.g.*, *Farmer v. Countrywide Fin. Corp.*, 2009 WL 1530973, at *2 (C.D. Cal. May 18, 2009) ("The facts alleged in this case are part of a broader national crisis in the real estate market."); *U.S. v. Jupiter Aluminum Corp.*, 2009 WL 2970385, at *4

(N.D. Ind. Sept. 14, 2009) ("The national and world economies have suffered an unexpected and dramatic recession – far worse than any recession since the Great Depression."); *In re Jahanian*, 2009 WL 3233161, at *3 (Bankr. E.D. Va. Sept. 28, 2009) (delay in sale was "the consequence of an economic crisis unprecedented in this nation since the Great Depression"); Richard Posner, *Capitalism in Crisis*, The Wall Street Journal, May 7, 2009 ("The current economic crisis so far eclipses anything the American economy has undergone since the Great Depression that 'recession' is too tepid a term to describe it."); Susan M. Wachter, *The Ongoing Financial Upheaval: Understanding the Sources and Way Out* (University of Pennsylvania Law School, Institute for Law and Economics, Research Paper No. 09-30, 2009) ("In the last quarter of 2007, the US economy entered into the worst downturn since the Great Depression."), Ex. A at 12.

The defendants hereby request that the Court take judicial notice of the severity of the financial crisis in the U.S. and California economies between April 2009 and August 2009, pursuant to Fed. R. Evid. 201. The following documents support the proposition that these facts are "generally known within the territorial jurisdiction" of the Court:

1. Susan M. Wachter, *The Ongoing Financial Upheaval: Understanding the Sources and Way Out* (University of Pennsylvania Law School, Institute for Law and Economics, Research Paper No. 09-30, 2009). A true and correct copy of this document is attached hereto as Exhibit A.

2. Richard Posner, *Capitalism in Crisis*, The Wall Street Journal, May 7, 2009. A true and correct copy of this document is attached hereto as Exhibit B.

3. *Unpredictable Tides; World Trade*, The Economist, July 25, 2009. A true and correct copy of this document is attached hereto as Exhibit C.

4. *The Boom in Busts; Corporate Bankruptcies in America*, The Economist, July 4, 2009. A true and correct copy of this document is attached hereto as Exhibit D.

5. Brady McShane and Ellen Berkowitz, *The Stress of Distressed Assets*, Mortgage Banking, July 2009. A true and correct copy of this document is attached hereto as Exhibit E.

6. Michael B. Marois and William Selway, *Schwarzenegger, California Lawmakers Agree to Budget*, Bloomberg News, July 21, 2009. A true and correct copy of this document is attached hereto as Exhibit F.

7. David Usborne, *Schwarzenegger Signs California's Family Silver to Help Pay Off Debts*, The Independent (UK), July 22, 2009. A true and correct copy of this document is attached hereto as Exhibit G.

8. Matthey Yi, *Finally, Budget Compromise*, San Francisco Chronicle, July 21, 2009. A true and correct copy of this document is attached hereto as Exhibit H.

9. Kenneth T. Rosen, *Put More Money Into State's Successful Housing Tax Credit*, San Jose Mercury News, June 22, 2009. A true and correct copy of this document is attached hereto as Exhibit I.

10. George Avalos, *Yet Again, Jobless Records Broken*, Contra Costa Times, July 18, 2009. A true and correct copy of this document is attached hereto as Exhibit J.

## II. DATA OBTAINED FROM THE FEDERAL DEPOSIT INSURANCE CORPORATION IS PROPERLY SUBJECT TO JUDICIAL NOTICE

Information on government agency websites "have often been treated as proper subjects for judicial notice." *Paralyzed Veterans of America v. McPherson*, 2008 WL 4183981, at *5 (N.D. Cal. Sept. 9, 2008); *In re Agribiotech Sec. Litig.*, 2000 WL 35595963, at *2 (D. Nev. March 2, 2000) ("In this new technological age, official government or company documents may be judicially noticed insofar as they are available via the worldwide web.").

//

//

1       The Federal Deposit Insurance Corporation's ("FDIC") statistics on Depository Institutions website allows visitors to compile data regarding loan loss allowances by various financial institutions, including standard peer group definitions classifying financial institutions by the amount of assets held.  Printouts from the FDIC website have previously been the subject of judicial notice.  *See, e.g., Curcio v. Wachovia Mortgage Corp.,* 2009 WL 3320499, at *4 (S.D. Cal. Oct. 14, 2009) (granting request for judicial notice of printouts from the FDIC website and finding no reason "why the FDIC's website's accuracy could reasonably be questioned.").

      The defendants hereby request that the Court take judicial notice of following facts from data obtained directly from the website of the FDIC:

      1.    Coverage ratio (i.e., loan loss allowance to noncurrent loans) data for PCB and its standard peer group of commercial banks with assets of $1 billion to $10 billion as of March 31, 2009.  A true and correct copy of this document is attached hereto as Exhibit K.

      2.    Coverage ratio data for PCB and its standard peer group of commercial banks with assets of $1 billion to $10 billion as of June 30, 2009.  A true and correct copy of this document is attached hereto as Exhibit L.

### III. DOCUMENTS FILED WITH THE U.S. SECURITIES AND EXCHANGE COMMISSION ARE PROPERLY SUBJECT TO JUDICIAL NOTICE

      It is well established that a district court may take judicial notice of the contents of public disclosure documents required to be filed with the United States' Securities and Exchange Commission ("SEC") in connection with a motion to dismiss, without converting such a motion into one for summary judgment.  *See, e.g., Dreiling v. Am. Exp. Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (SEC filings are subject to judicial notice); *In re Silicon Graphics Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (district court properly considered various SEC filings, including Form 4s

1  detailing defendants' stock sales even though the filings were not referenced in the
2  complaint; *In re Nuko Info. Sys. Sec. Litig.*, 199 F.R.D. 338, 341 (N.D. Cal. 2000) (In
3  a securities fraud action, the court may take judicial notice of proxy statements and
4  Form 4s filed with the SEC to consider defendants' stock holdings and vesting
5  options, and the amount of percentages of stock sold during the class period).

6  Further, where an SEC filing is alleged in a complaint but not attached, it
7  may be considered under the well-established doctrine of incorporation by reference.
8  *See Silicon Graphics*, 183 F.3d at 986 (holding that it was proper to consider SEC
9  filings under the incorporation by reference doctrine) (citing *Branch v. Tunnell*, 14
10 F.3d 449, 454 (9th Cir. 1994) ("[D]ocuments whose contents are alleged in a
11 complaint and whose authenticity no party questions, but which are not physically
12 attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to
13 dismiss."); *In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 863 (N.D. Cal.
14 2004) ("[C]ourts are specifically authorized, in connection with a motion to dismiss a
15 securities fraud complaint, to consider documents and filings described in the
16 complaint under the incorporation by reference doctrine.").

17 Pursuant to this authority, the defendants hereby request that the Court
18 judicially notice the following documents which were publicly filed with the SEC:

19 1.   The Form 4s filed with the SEC on behalf of George Leis for the period
20 April 3, 2009 to July 30, 2009.  True and correct copies of these documents are
21 attached hereto as Exhibit M.

22 2.   The Form 4s filed with the SEC on behalf of David Porter for the
23 period April 30, 3009 to July 30, 2009.  True and correct copies of these documents
24 are attached hereto as Exhibit N.

25 3.   PCB's Definitive Proxy Statement (Form DEF 14A) filed with the SEC
26 on or about March 16, 2009.  A true and correct copy of this document is attached
27 hereto as Exhibit O.

28

1    4.    PCB's Definitive Proxy Statement (Form DEF 14A) filed with the SEC on or about August 27, 2009. A true and correct copy of this document is attached hereto as Exhibit P.

    5.    Relevant excerpts from PCB's Form 10-K filed with the SEC on or about March 2, 2009. A true and correct copy of this document is attached hereto as Exhibit Q.

    6.    Relevant excerpts from PCB's Form 10-Q filed with SEC on or about May 11, 2009. A true and correct copy of this document is attached hereto as Exhibit R.

    7.    Relevant excerpts from PCB's Form 10-Q filed with SEC on or about August 10, 2009. A true and correct copy of this document is attached hereto as Exhibit S.

    8.    PCB's Form 8-K filed with the SEC on or about April 30, 2009. A true and correct copy of this document is attached hereto as Exhibit T.

## IV. PCB'S CONFERENCE CALL TRANSCRIPT IS PROPERLY SUBJECT TO JUDICIAL NOTICE

Pursuant to the safe harbor provisions of the Private Securities Litigation Reform Act ("Reform Act"), PCB's forward-looking statements are nonactionable if they are accompanied by "meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the forward-looking statement." 15 U.S.C. §78u-5(c)(1)(A)(i). Plaintiffs erroneously contend that PCB's conference calls "either were not identified as 'forward looking statements'" or did not include "meaningful cautionary [language]." ¶73. A review of the *complete* conference call transcripts reveal that cautionary language was included with every forward looking statement made by PCB.

The Reform Act requires that the Court consider these documents in their entirety because plaintiffs cite and quote from them in their complaint and they are not subject to material dispute. *See* 15 U.S.C. §78u-5(e) ("on any motion to dismiss

. . . the court *shall* consider any statement cited in the complaint and any cautionary statement accompanying the forward-looking statement, which are not subject to material dispute, cited by the defendant." (emphasis added); *In re BMC Software Sec. Litig.*, 183 F. Supp. 2d 860, 884 (S.D. Tex 2001) (Reform Act requires a court to consider conference call transcripts to analyze cautionary language).

Additionally, the Court may consider such documents under the incorporation by reference doctrine discussed above in section III.

Pursuant to this authority, the defendants hereby request that the Court judicially notice the following document which is cited and quoted by plaintiffs:

1. A transcript of PCB's April 30, 2009 earnings conference call, referenced in the Complaint at ¶28-33. A true and correct copy of this document is attached hereto as Exhibit U.

## V. HISTORICAL STOCK PRICES OBTAINED FROM NASDAQ ARE PROPERLY SUBJECT TO JUDICIAL NOTICE

A company's stock price is a judicially noticeable fact that is "not subject to reasonable dispute" and that is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. *See In re Verifone Sec. Litig.*, 784 F. Supp. 1471, 1475 n.2 (N.D. Cal. 1992) ("The court takes judicial notice of the daily closing prices of Verifone common stock, as reported by Dow Jones News and provided by defendants to the court."), *aff'd*, 11 F.3d 865 (9th Cir. 1993). The historical stock prices of PCB, a publicly-traded company, are therefore the proper subject of judicial notice. *See In re Finisar Corp. Deriv. Litig.*, 542 F. Supp. 2d 980, 990 (N.D. Cal. 2008) (taking judicial notice of company's historical stock price); *Ravens v. Iftikar*, 174 F.R.D. 651, 661 (N.D. Cal. 1997) (same).

//
//
//

1       Therefore, the defendants hereby request that the Court take judicial notice of
2  the following document:
3       1.    The historical stock prices of PCB for the period April 30, 2009
4  through August 10, 2009 which were obtained from the NASDAQ website
5  (http://www.nasdaq.com).  A true and correct copy of this chart is attached hereto as
6  Exhibit V.

Dated:  December 18, 2009          Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP


By:    */s/ Daniel J. Tyukody, Jr.*
          Daniel J. Tyukody, Jr.

Attorneys for Defendants Pacific Capital
Bancorp, George Leis and David Porter